**Sukhdev Singh GILL, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–4188.

United States Court of Appeals, Second Circuit.

June 22, 2004.

Tsz–Hai Huang, Rai & Associates, P.C., San Francisco, California, for Petitioner.

David J. Kennedy, Assistant United States Attorney (Kathy S. Marks, Assistant United States Attorney, on the brief), for James B. Comey, United States Attorney, Southern District of New York, New York, New York, for Respondent.

Present: McLAUGHLIN, RAGGI, Circuit Judges, and HOLWELL, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the September 27, 1999 order of the Board of Immigration Appeals ("BIA") is hereby DENIED.

Sukhdev Singh Gill, a citizen of India, petitions for review of the BIA order adopting and affirming the Immigration Judge's ("IJ") April 29, 1998 denial of his application for asylum and withholding of removal. Gill challenges both the IJ's adverse credibility findings regarding his claims of past persecution and the adequacy of the proof of changed conditions in India. We assume familiarity with the agency proceedings and conclude that, even if Gill's account of past persecution is credited in all respects, evidence of

---

* The Honorable Richard J. Holwell of the United States District Court for the Southern District of New York, sitting by designation.

changed conditions in India supports the IJ's denial.

An applicant seeking asylum must demonstrate that he has suffered past persecution or has a well-founded fear of future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42).[1] We will defer to an IJ's finding that an applicant lacks a well-founded fear of persecution as long as the finding is supported by "substantial evidence." *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). Evidence of changed country conditions can constitute such substantial evidence. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313—14 (2d Cir.1999); *see also* 8 C.F.R. § 208.13(b)(1)(i)(A); *Secaida–Rosales v. INS*, 331 F.3d 297, 306 (2d Cir.2003) (noting that showing of past persecution gives rise to rebuttable presumption of future persecution, but presumption may be rebutted by showing "that conditions in the country of origin have changed to the degree that the danger no longer exists").

The evidence of changed country conditions relied on by the IJ in Gill's case consisted of two State Department reports, a June 1996 profile entitled, "India: Comments on Country Conditions and Asylum Claims," and a 1997 "Addendum to the India Country Profile." Gill complains that these reports are insufficiently individualized to constitute substantial evidence to reject his claim of feared future persecution. We disagree. The Addendum, in particular, specifically addresses the treatment of persons with Gill's religious and political beliefs. For example, it notes that treatment of Sikhs in the Punjab has improved significantly since the decisive victory won in the February 1997 elections by the Akali Dal (Badal) party, a moderate, non-separatist Sikh group, in alliance with the Hindu nationalist Bharatiya Janata Party. The Addendum observes that Sikhs who have been members of the AISSF have been able to join the Akali Dal and other national parties and have been elected to parliament. It further reports that since the political reconciliation of the Sikh and Hindu communities, even membership in a separatist Sikh political party "is not ground for anticipating prosecution or mistreatment in India." Moreover, the Addendum states that the sort of police abuse alleged by Gill is no longer tolerated and likely to result in prosecution. Because these developments occurred after Gill's November 3, 1996 arrival in the United States, he cannot analogize his case to *Chand v. INS*, 222 F.3d 1066, 1079 (9th Cir.2000) (rejecting country profile as insufficiently individualized where applicant's persecution occurred *after* the general improvements reported in the profile).

In sum, Gill has presented no evidence to contradict the improved country conditions outlined in the State Department profile and addendum. We conclude that these detailed reports constitute substantial evidence to support the IJ's finding that Gill lacked a well-founded fear of persecution on return to India and, thus, was not entitled to either asylum or withholding of removal. *See Melgar de Torres v. Reno*, 191 F.3d at 311.

Accordingly, we DENY the petition for review.

---

1. Because the standard for withholding of removal is higher than that for asylum, *see* 8 C.F.R. § 208.16(b)(1), an alien who fails to qualify for the latter relief is necessarily ineligible for the former, *see Tian–Yong Chen v. INS*, 359 F.3d 121, 126—27 (2d Cir.2004); *Abankwah v. INS*, 185 F.3d 18, 22 (2d Cir. 1999).